**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA**

**CENTRAL DIVISION**



FILED

MAY - 1 2008

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 08-30006 |
| Plaintiff, | \* | |
| | \* | REPORT AND RECOMMENDATION |
| -vs- | \* | FOR DISPOSITION OF DEFENDANT'S |
| | \* | MOTION TO DISMISS INDICTMENT |
| MATTHEW DAVID STYMIEST, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, Matthew David Stymiest, has filed a Motion to Dismiss Indictment and Memorandum in support thereof, Docket Nos. 25, 26. In his Motion, Defendant seeks to dismiss the Indictment on the ground and for the reason that Plaintiff, United States of America ("Government") does not have jurisdiction to prosecute him because he is not an Indian. The Government has filed a Response, resisting Defendant's dismissal Motion, Docket No. 29. Because the Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis. Pursuant to 28 U.S.C. §636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

I.

Defendant is charged with the criminal offense of assault resulting in serious bodily injury in violation of 18 U.S.C. §§1153 and 113(a)(6). The Indictment alleges that on or about November 18, 2007, Defendant, an Indian, unlawfully assaulted Juan Hernandez, in Indian country, and that this assault resulted in serious bodily injury to Hernandez.

Defendant claims that §1153, under which he is charged, requires, as a necessary element of the assault offense, that he be an Indian. He asserts that he is not an Indian and that as such, there is no federal criminal jurisdiction and the Indictment must be dismissed. The Court disagrees.

## II.

Defendant's status as an Indian or non-Indian, while relevant to the matter of proof at trial, does not deprive the federal court of jurisdiction. United States v. Pemberton, 405 F.3d 656, 659 (8th Cir. 2005); United States v. White Horse, 316 F.3d 769, 772 (8th Cir.), cert. denied, 540 U.S. 844 (2003). As the Supreme Court has made clear, jurisdiction has to do only with "the court's statutory or constitutional power to adjudicate the case." United States v. Cotton, 535 U.S. 625, 630 (2002). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. §3231[1] .... That [is] the beginning and end of the 'jurisdictional' inquiry." Pemberton, 405 F.3d at 659 (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)); White Horse, 316 F.3d at 772; see also United States v. Beck, 250 F.3d 1163, 1165-66 (8th Cir. 2001) ("[T]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of [18 U.S.C.] §844(i) .... It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case."). Thus, whatever alleged dispute there is over Defendant's Indian status

---

[1]This statute states, in pertinent part, as follows:
The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

2

does not deprive the District Court of jurisdiction. Pemberton, 405 F.3d at 659; White Horse, 316 F.3d at 772.

In any event, Defendant's own admissions to special agents are enough to override his pretrial dismissal Motion and allow the Government to proceed with the "Indian status" issue at trial. See Pemberton, 405 F.3d at 659-60. The record indicates that while being interviewed on November 26, 2007, Defendant told agents that he was "an enrolled member of the Leech Lake Indian Tribe." Mot. Hrg. Tr. 41; see also Mot. Hrg. Tr. 42 ("Stymiest stated he was an American Indian, registered to the Leech Lake Band Tribe"). Defendant's acknowledgment of enrollment/membership in a federally recognized tribe[2] is strong evidence of his Indian status. Pemberton, 405 F.3d at 660; St. Cloud v. United States, 702 F.Supp. 1456, 1461 (D.S.D. 1988); see also United States v. Bruce, 394 F.3d 1215, 1223-27 (9th Cir. 2005); United States v. Prentiss, 273 F.3d 1277, 1280-83 (10th Cir. 2001); United States v. Lawrence, 51 F.3d 150, 152-54 (8th Cir. 1995).

### III.

Defendant's Motion to Dismiss, wherein he attacks the propriety of the Indictment on jurisdictional/"Indian status" grounds, is therefore without any legal basis and should be denied in its entirety at this time. Accordingly, it is hereby

RECOMMENDED that Defendant's Motion, insofar as it seeks dismissal of the Indictment because the District Court lacks subject matter jurisdiction, be denied in toto. To

---

[2]The Minnesota Chippewa Tribe, a federally recognized Indian tribe, is made up of six component bands and reservations, including the Leech Lake Band/Reservation.

3

the extent that Defendant seeks to dismiss the Indictment on the basis of his "Indian status" (or lack thereof), it is RECOMMENDED that the Motion be denied, without prejudice.

Dated this 1st day of May, 2008, at Pierre, South Dakota.

**BY THE COURT:**

*/s/ Mark A. Moreno*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
  Deputy
**(SEAL)**

4