UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 08-30006 (01) |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| MATTHEW DAVID STYMIEST, | * | |
| Defendant. | * | |

******************************************************************************

    The defendant has filed a motion (Doc. 14) with a supporting memorandum (Doc. 15) to suppress statements and evidence. The defendant also filed a motion (Doc. 25) with a supporting memorandum (Doc. 26) to dismiss the indictment. The government has filed responses. United States Magistrate Judge Moreno conducted an evidentiary hearing on April 18, 2008. The defendant and counsel for both parties were present. The magistrate took judicial notice, as do I, of the matters submitted in the case of United States v. Robert Erickson, 08-30009. This includes all evidence. I have conducted a *de novo* review of the transcript (Doc. 27) and all other documents and exhibits.

    The magistrate issued a report and recommendation (Doc. 32) after announcing his bench decision (Doc. 30). The recommendation is to deny the motion to suppress. The magistrate issued a report and recommendation (Doc. 33) to deny the motion to dismiss the indictment.

    The defendant filed objections (Doc. 34) dealing with the recommendations as to the suppression motion which objections are without legal merit. I have considered as well the objections filed by the defendant in United States v. Erickson, 08-30009. I have read the cases cited by counsel and the magistrate. I have also considered the report and

recommendations as to the suppression motion in <u>Erickson</u> at Doc. 41 as well as the addendum to the report and recommendation (Doc. 42) in that case. I have also considered in <u>United States v. High Wolf</u>, 07-30102-01, the report and recommendation (Doc. 99), the report and recommendations for disposition of motion to suppress and supplement thereto (Doc. 100), the amended report and recommendations for disposition of motion to suppress (Doc. 102), the addendum to amended report and recommendation (Doc. 103) and all other matters of record. I have looked at these "companion cases" (which I believe are before Chief Judge Schreier) largely to be sure that I have not "missed something."

The defendant also filed objections (Doc. 35) dealing with the recommendations as to the motion to dismiss the indictment which objections are without legal merit. I do not intend to conduct a "mini-trial" or have the magistrate do so as to an issue to be proved by the government beyond a reasonable doubt at the trial. Were I to make a finding at this time that the defendant is an Indian or comes within the statute, I would be interfering with the duties of the jury. I decline to do so.

The defendant claims that the magistrate did not address all constitutional issues. I disagree with that contention. Whether he did or not, there are no violations of the United States Constitution which have occurred in this case.

The magistrate is fully capable of judging the credibility of the witnesses appearing before him. He fully considered the totality of all the circumstances. He carefully and correctly discussed the principles of law and the facts in this case. There is no reason to add to such discussions, other than to observe that the defendant has it "backwards." Neither state law nor tribal law controls constitutional questions or evidentiary questions in federal court. A valid debate may exist as to whether federal guarantees under the Fourth Amendment have been weakened in recent years. Some state supreme courts have interpreted the state constitution in question to guarantee more rights than exist under the case law on the federal level. States are free to do so but may not

2

impose such interpretations on the federal courts in cases interpreting the United States Constitution. Likewise, tribal courts may not do so.

The reports and recommendations should be adopted, the motions denied, and the objections overruled.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion (Doc. 14) to suppress statements and evidence is denied.

2) The report and recommendation (Docs. 30 and 32) is adopted.

3) The motion (Doc. 25) to dismiss the indictment is denied.

4) The objections (Docs. 34 and 35) of the defendant are overruled.

Dated this \_\_12th\_\_ day of May, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____ DEPUTY
(SEAL)

3